UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESAUNDRA JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>KELLY BERNATENE, et al.,<br><br>Defendants.<br>_____ / | CASE NO.   1:12-CV-00928-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**FIRST SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff LeSaundra Jenkins is a state prisoner incarcerated at the Valley State Prison for Women in Chowchilla, California, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

-1-

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. **SUMMARY OF COMPLAINT**

Plaintiff alleges Defendants, employees of the California Department of Corrections (CDC) Legal Services Unit in Sacramento, California, failed to correct sentencing errors that were proven at her Computation Review (Haygood) Hearing,[1] depriving her of Fourteenth Amendment due process and equal protection rights, as follows.

---

[1] Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985)

-2-

The Trial court judge in her felony matter erred in computing pre-sentencing credits applicable to her sentence. (Compl. at 3, 10.) She discovered the error and filed a term computation appeal pursuant to prison regulations. (Id.) She was provided a Haygood hearing at which she alleges "it was proved . . . an error had been made by [the sentencing judge]". (Id.)

She alleges that Defendants, following the Haygood hearing "made a legal determination of superseding documents pertaining to a judicial error, without clarification from the courts", and failed to correct the error in her sentence, and intentionally denied her equal protection. (Id. at 4.)

She names as Defendants (1) K. Bernatene, Correctional Case Records Analyst, Legal Processing Unit in Sacramento, (2) M. Fortes, Legal Processing Unit in Sacramento, (3) K. Pool, Legal Processing Unit in Sacramento, (4) D. Foston, Legal Processing Unit in Sacramento, (5) M. Cates, Legal Processing Unit in Sacramento. (Id. at 2.)

She seeks monetary compensation. (Id. at 3.)

**IV.   ANALYSIS**

    **A.   Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his or her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Defendants can not be held liable under § 1983 solely because of supervisory capacity.

Plaintiff fails to allege any facts personally linking Defendants M. Fortes, K. Pool, D. Foston, and M. Cates. Plaintiff may not proceed against these Defendants unless she alleges facts plausibly claiming each such Defendant *personally* "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th

Cir. 2011); Fed. R. Civ. P. 8(a).

**C.    Heck Bar**

Plaintiff may not utilize § 1983 to challenge the legality or duration of her custody, or raise a constitutional challenge which could entitle her to an earlier release; she must seek such relief through a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990). Further, relief under § 1983 for an allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489–90 (1994).

When an inmate informs proper authorities of claim that his or her release date was incorrectly calculated, due process requires that the state provide "a meaningful hearing at a meaningful time". Haygood, 769 F.2d 1350 at 1356.

In this case, Plaintiff complains that Defendants' failure to correct her sentence consistent with her Haygood decision resulted in illegal confinement and prolonging of detention in violation of her due process rights. (Compl. at 3.)

Given that her due-process challenge implicates the validity and duration of her incarceration and she has not alleged facts satisfying Heck, her claim as presently framed appears to be barred under the favorable-termination doctrine set out in Heck and its progeny. See also 28 U.S.C. § 2254; Wilkinson, 544 U.S. at 81-82.

A prisoner may utilize § 1983, and avoid the Heck bar if he or she can allege facts that show that success in the action would not necessarily spell immediate or speedier release. Wilkinson, 544 U.S. 74 at 81 ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not

-5-

previously invalidated) state confinement.").

Plaintiff may not proceed with any cause of action in this case as constituted; she may proceed only if she plausibly alleges claims and brings the case beyond the Heck bar.

**D.    Due Process**

Plaintiff alleges that she prevailed at the Haygood hearing and that Defendants then failed to correct her criminal sentence in violation of her Fourteenth Amendment due process rights. Even if Plaintiff's case were not barred by the principle established in Heck, this claim would remain deficient for other reasons.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Once a liberty interest is established, a Fourteenth Amendment violation may arise from a deprivation of that interest under color of law through action that is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare (Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (overruled in part on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086 (9th Cir. 2007)), or through a failure to provide that process which is due the identified liberty interest. Wolff, 418 U.S. 539 at 556; see also Sandin, 515 U.S. 472 at 478. Merely negligent conduct by

prison officials is insufficient to state a claim under the Due Process Clause. See Davidson v. Cannon, 474 U.S. 344, 347 (1986).

Plaintiff's sufficiently claims a liberty interest in avoiding incarceration beyond her release date.

"The Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001) (citing Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)). "[B]ecause a prisoner's interest in avoiding wrongful detention is a strong one, due process entitles a prisoner with a meaningful and expeditious consideration of claims that the term of prisoner's sentence has been miscalculated." Royal v. Durison, 319 F.Supp.2d 534, 539 (E.D.Pa. 2004).

False imprisonment or deprivation of liberty is not per se unconstitutional merely because the defendant is a state official. Haygood, 769 F.2d 1350 at 1355 (citing Baker v. McCollan, 443 U.S. 137, 146 (1979). Similarly, the Fourteenth Amendment does not guarantee state prisoners a particular method of calculating prison sentences. See Wolff, 418 U.S. 539 at 557. But when the state itself creates a statutory right to release from prison, the state also creates a liberty interest and must follow minimum due process appropriate to the circumstances to ensure that liberty is not arbitrarily abrogated. Vitek v. Jones, 445 U.S. 480, 488-89 (1980); see also Meachum v. Fano, 427 U.S. 215, 226 (1976). "Therefore, if the [prison] officials made their calculations in a manner which denied [prisoner] his statutory right to liberty without due process of law, a constitutional violation exists and a cause of action is available under § 1983." Haygood, 769 F.2d 1350 at 1355.

The CDC's regulations provide the specific procedural due process to be accorded

the Haygood computation process.[2] An inmate claiming an error in the computation of a term of confinement based upon documentation in the record, not resolved at the first level of prison appeal may request a Haygood hearing as the second level appeal. See Cal. Code Regs. tit.15, § 3084.7(h); CDC - Department Operations Manual (DOM), Section 54100.29 et seq.

If it is determined that an error has been made and the CDC has authority to make the change then the case records manager/supervisor who conducted the hearing shall grant the appeal and correct the error; if the appeal is as to a matter which the CRC has no authority to change, the appeal shall be partially granted or denied, with the matter referred to any appropriate agency for disposition. See Cal. Code Regs. tit.15, § 3084.7(h); CDC -DOM, Section 54100.29.4.

At the conclusion of the hearing the inmate shall be provided a copy of the decision of the hearing officer (CDC Form 1033 Computation Review Hearing Decision). See Cal. Code Regs. tit.15, § 3084.7(h); CDC - DOM, Section 54100.29.4.

An inmate may submit the appeal to the third level if dissatisfied with the second level response. See Cal. Code Regs. tit.15, §§ 3084.2(d), 3084.7(h).

Here, Plaintiff fails to allege the nature of the decision reached by the Haygood hearing officer. She fails to state with any specificity what issue(s) were considered at the hearing and what findings and conclusions were made. She fails to include with her Complaint the Form 1033 Decision of the Haygood hearing officer. She also fails to explain her allegation that, after the Haygood hearing, Defendants "made a legal determination of

---

[2] Compl. at 8.

superseding documents pertaining to judicial error".[3] Nothing before the Court suggests that Defendants acted arbitrarily or capriciously, or that Plaintiff was denied her procedural rights relative to the Haygood hearing and decision. Plaintiff's conclusory allegations and surmise are not sufficient.

Plaintiff fails to allege facts claiming a due process violation. See e.g., Royal, 319 F.Supp.2d 534 at 539 (E.D.Pa. 2004) (no due process violation where claim of sentence miscalculation was meaningfully and expeditiously considered by prison officials); cf. Brown v. Coughlin, 704 F.Supp. 41, 44 (S.D.N.Y. 1989) (a state official with actual notice that a prisoner's re-computed release date was wrong violated the Due Process Clause of the Fifth and Fourteenth Amendments if his or her unreasonable failure to obtain the paperwork necessary to discern the correct release date caused the prisoner to be imprisoned beyond the end of his prison term.)

Plaintiff's disappointment with the way her prison appeal was handled and the response to it is not alone sufficient to state a constitutional claim. In Mann v. Adams, 855 F.2d 639 (9th Cir.1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. Mann, 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Ramirez, 334 F.3d at 860. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a grievance procedure. Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia,

---

[3] Compl. at 4.

2010 WL 3767732, *2 n.3 (E.D. Cal. Sept.22, 2010). "An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007). Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals.

The Court will allow leave to amend. If Plaintiff chooses to amend and can amend to assert a claim not barred by Heck, she should review the standards set forth above and set forth true facts, not conjecture or surmise sufficient thereunder.

### E.     Equal Protection

Plaintiff alleges that Defendants' failure to act immediately to correct the error . . . deprived [her] of [her] liberty and in doing so . . . denied [her] equal protection which California's constitution protects . . . ."[4] Even if Plaintiff's case were not barred by the principle established in Heck, this claim would remain deficient for other reasons.

The federal Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class (Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.2003); see also Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir.

---

[4] Compl. at 4.

-10-

2008); see also North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges no facts suggesting membership in a protected class, or that she was intentionally treated differently from similarly situated individuals without rational relationship to penological goals. Plaintiff fails to state a federal equal protection claim.

The above discussion of Plaintiff's federal equal protect claim resolves both the federal and state constitutional equal protection claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 17 Cal.3d 908, 914 n.3 (1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution).

Plaintiff fails to state a cognizable equal protection claim. The Court will allow leave to amend. If Plaintiff chooses to amend and if her amendment successfully avoids the Heck bar, she still must set forth sufficient facts showing the above noted elements attributable to each of the Defendants.

### F.     Exhaustion of Administrative Remedies

Plaintiff has not alleged exhaustion of her administrative remedies through the prison appeal process.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Act's exhaustion requirement applies to all prison actions. Williams v. Metropolitan Detention Center, 418 F.Supp.2d 96, 100-101 (E.D.N.Y. 2005). Exhaustion of

administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 87-88 (2006)).

It appears Plaintiff was dissatisfied with the staff response following her Haygood hearing. Yet she fails to allege exhaustion at the third level of appeal.[5] Any amended pleading should allege exhaustion of her administrative remedies through the prison appeal process.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, she must demonstrate that the alleged acts resulted in a deprivation of her constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of her rights. Jones, 297 F.3d at 934.

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

---

[5] Compl. at 2, 4, 8.

...

Cir. 2007). Plaintiff should carefully read this screening order and focus her efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of her Complaint filed June 7, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim

and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

<u>IT IS SO ORDERED.</u>

<u>Dated:     July 13, 2012</u>                    /s/ *Michael J. Seng*
<u>                                                              UNITED STATES MAGISTRATE JUDGE</u>