1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10
## EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 | LESAUNDRA JENKINS,            CASE NO.    1:12-CV-00928-MJS (PC) |

13                                           ORDER DISMISSING PLAINTIFF'S
                    Plaintiff,         ACTION WITH PREJUDICE FOR FAILURE
14                                           TO STATE A CLAIM

15          v.                              (ECF No. 9)

16
KELLY BERNATENE, et al.,         CLERK TO CLOSE FILE
17
                    Defendants.      DISMISSAL IS SUBJECT TO 28 U.S.C. §
18                                           1915(g)

19  _____/

20
21
22
23                          **SECOND SCREENING ORDER**
24
**I.      PROCEDURAL HISTORY**
25
26
27

Plaintiff LeSaundra Jenkins is a state prisoner incarcerated at the Valley State Prison for Women in Chowchilla, California, ("VSP") proceeding pro se and in forma pauperis in this civil rights action filed on June 7, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5.)

On July 13, 2012, Plaintiffs's Complaint was dismissed for failure to state a claim with leave to amend. (Order Dismiss. Compl., ECF No. 8.) On August 16, 2012, Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 9) which is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights

-2-

conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff claims the trial judge in her underlying criminal matter[1] made an error in the sentencing documentation and that Defendants acknowledged the error but refused to refer it to the trial court for correction, violating her Fifth, Eighth and Fourteenth Amendment rights.[2] (First Am. Compl. at 3-5.)

She was sentenced on November 8, 2000 to life in prison with the possibility of parole on count one which, at least on the face of it charged Cal. Penal Code § 209(b)(1) "kidnaping", with sentencing on count two Cal. Penal Code § 211 "burglary" stayed by the trial court. (Id. at 49-50, 59.)

Plaintiff claims that her original felony complaint/information charged count one as "burglary" and count two as "kidnaping"; that the trial court improperly allowed the complaint/information to be amended by the district attorney to reverse these counts; that the life sentence imposed on count one is erroneous because count one should properly have charged "burglary" carrying a maximum 5 year term; resulting in sentencing error and a continuing illegal detention (as she has been incarcerated for more than 5 years). (Id. at 3-5, 146-55.)

Upon discovering the sentencing error, she requested and was granted a Computation Review (Haygood) hearing on July 25, 2011, which constituted her second

---

[1] Ventura County Superior Court Case No. CR47815.

[2] Plaintiff's due process claim is properly analyzed under the Fourteenth Amendment rather than the Fifth Amendment; "[T]he Fifth Amendment's due process clause applies only to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

-3-

level prison appeal.[3] (Id. 3-4.)

Plaintiff alleges the Haygood hearing officer, non-party B. Hinson, VSP Case Records Manager,  found error and granted the second level appeal based thereon, but failed to refer the error to state court for correction.

She contends her subsequent third level (Director's) appeal was improperly denied. (Id. at 3-5.)

She names as Defendants (1) Kelly Bernatene, CDC Correctional Case Records Analyst, (2) M. Fortes, CDC Correctional Case Records Manager, (3) M. Cates, CDC Secretary, (4) K. Pool, CDC Appeal Examiner, (5) D. Foston, CDC Chief of Appeals, (6) Pamela Webster, CDC Correctional Case Records Analyst, (7) Sandra Woodyard, CDC Correctional Case Records Administrator. (Id. at 2-3.)

She seeks monetary compensation, and that "due process be performed". (Id. at 5.)

IV.   **ANALYSIS**

    A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

---

   [3] Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985).

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## B.   Unlawful Detention Beyond Release Date

Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of "deliberate indifference" to the prisoner's liberty interest, see Haygood, 769 F.2d at 1354, citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); otherwise, such detention can be held to be unconstitutional only if it violates due process. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

### 1.   Eighth Amendment Cruel and Unusual Punishment

Plaintiff alleges Defendants were deliberately indifferent to errors in her sentencing documents causing her to be and remain incarcerated beyond her lawful release date.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." Estelle, 429 U.S. at 102; see also Hutto v. Finney, 437 U.S. 678, 685 (1978); Spain v. Procunier, 600 F.2d 189, 200 (9th Cir. 1979). "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the

progress of a maturing society.'" <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981), quoting

<u>Trop v. Dulles</u>, 356 U.S. 86, 101 (1958)). To violate the Cruel and Unusual Punishments

Clause, a prison official must have a sufficiently culpable state of mind. <u>Farmer v. Brennan</u>,

511 U.S. 825, 834 (1994).

"In the context of an Eighth Amendment claim for incarceration without penological

justification . . . a plaintiff must demonstrate three elements to establish § 1983 liability

against a prison official: (1) a prison official had knowledge of the prisoner's problem and

thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the

official either failed to act or took only ineffectual action under the circumstances, indicating

that his response to the problem was a product of deliberate indifference to the prisoner's

plight; and (3) a causal connection between the official's response to the problem and the

unjustified detention. <u>Montanez v. Thompson</u>, 603 F.3d 243, 252, citing <u>Sample v. Diecks</u>,

885 F.2d 1099, 1110 (3d. Cir. 1989).

The facts before the Court do not suggest that Defendants, placed on notice of an

alleged computational error in Plaintiff's life sentence, then refused to investigate or took

only ineffectual action in the matter. <u>See</u> <u>Haygood</u>, 769 F.2d at 1355. The <u>Haygood</u>

hearing officer's decision did not find error as to the trial court's imposition of Plaintiff's life

sentence. Nor does it appear that such an alleged error, which goes to validity of the

sentence imposed rather than start and release dates thereunder, could constitute

<u>Haygood</u> "computational" error. In <u>Haygood</u>, corrections staff refused to investigate and

afford a hearing on alleged error in computing Mr. Haygood's release date under

California's continuous term policy. In contrast, Plaintiff Jenkins challenges the validity of

her life sentence, not computation of start and release dates thereunder.

-6-

1
2
3

To the extent the Haygood hearing officer did find a discrepancy in Plaintiff's sentencing credits and minimum eligible parole date, such was reviewed and corrected by CDC staff. Nothing before the Court suggests deliberate indifference thereto.

4
5
6

Accordingly, Plaintiff fails to allege facts suggesting any predicate computational error and Defendants' deliberate indifference thereto.

7
8
9
10

Plaintiff having been advised in the previous screening order of the deficiencies in her predicate sentencing error claim and having been given an opportunity to correct them, has failed to do so. There is no point in granting yet another opportunity to correct the same deficiencies.

11

2.      Fourteenth Amendment Due Process

12
13
14
15

Plaintiff alleges error in her sentencing documents, acknowledged by the Haygood hearing officer yet not referred to the trial court for correction, violating her Fourteenth Amendment due process rights.

16
17
18
19
20
21
22
23
24

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

25
26
27

Once a liberty interest is established, a Fourteenth Amendment violation may arise from a deprivation of that interest under color of law through action that is clearly arbitrary

and unreasonable, having no substantial relation to the public health, safety, morals or general welfare (Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996), overruled in part on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086 (9th Cir. 2007)), or through a failure to provide that process which is due the identified liberty interest. Wolff, 418 U.S. 539 at  556; see also Sandin, 515 U.S. 472 at 478.

A prisoner may claim a Fourteenth Amendment "liberty interest" in avoiding incarceration beyond his or her release date. "The Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001), citing Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). "[B]ecause a prisoner's interest in avoiding wrongful detention is a strong one, due process entitles a prisoner with a meaningful and expeditious consideration of claims that the term of prisoner's sentence has been miscalculated." Royal v. Durison, 319 F.Supp.2d 534, 539 (E.D.Pa. 2004). "If the [prison] officials made their calculations in a manner which denied [prisoner] his statutory right to liberty without due process of law, a constitutional violation exists and a cause of action is available under § 1983." Haygood, 769 F.2d 1350 at 1355.

When an inmate informs proper authorities of a claim that his or her release date was incorrectly calculated, due process requires that the state provide "a meaningful hearing at a meaningful time". Haygood, 769 F.2d 1350 at 1356. A CDC inmate claiming an error in the computation of a term of confinement, based upon documentation in the record, not resolved at the first level of prison appeal may request a Haygood hearing as the second level appeal. See Cal. Code Regs. tit.15, § 3084.7(h); CDC - Department Operations Manual (DOM), § 54100.29 et seq. The only issue to be determined in the

-8-

<u>Haygood</u> hearing is whether or not an error has been committed which adversely affects a term of confinement or period of parole. CDC-DOM, § 54100.29. If an error has been made the CDC shall correct it or refer the matter referred to any appropriate agency or court for disposition. See Cal. Code Regs. tit.15, § 3084.7(h); CDC -DOM, § 54100.29.4. An inmate may submit the appeal to the third level if dissatisfied with the second level response. See Cal. Code Regs. tit.15, §§ 3084.2(d), 3084.7(h).

Here Plaintiff's claim of due process deprivation based upon computational error in her sentencing documents is not supported by facts sufficient under the above standards. Plaintiff was afforded a Haygood hearing once she notified corrections staff her release date was not properly calculated; a discrepancy noted relative to sentencing credits was reviewed by CDC staff and her minimum eligible parole date was revised accordingly.[4]

The Haygood hearing officer did not find error relative to imposition of her life sentence. Such an error, even if it existed would not constitute a "computational" error for purposes of Haygood.[5] Read in a light most favorable to Plaintiff, the Haygood hearing officer's decision granted her request to clarify in her C-File imposition of the life sentence on count one "kidnaping", with count two stayed, as is uniformly reflected in her probation report, sentencing transcript, felony information and abstract of judgment. (First Am. Compl. at 72-75.) Defendants failure to make a Haygood referral to the trial court absent

---

[4] The <u>Haygood</u> hearing did result in a referral to the CDC Legal Processing Unit for (1) a recalculation of certain sentence credits and based thereon adjustment of her minimum eligible parole date, and (2) C-File correction of a discrepancy in the count two offense charged (i.e., robbery rather than burglary), not requiring any corrective action by the trial court because sentencing on count two was stayed by the court. First Am. Compl. at 74, 139-40.

[5] Plaintiff appears to concede the error she attributes to the trial court is "judicial", rather than computational. (First Am. Compl. at 5.)

-9-

1   error requiring correction is not a violation of Plaintiff's due process rights.

2       Plaintiff alleges no facts suggesting she was denied any process that was due

3   relative to alleged Haygood computational error. She appealed the second level Haygood

4   decision to the third level of appeal where it was denied.[6] (Id. at 74-75.)

5

6       Plaintiff otherwise has no liberty interest to correct prison records. The Ninth Circuit

7   has not found that prisoners have an independent right, grounded in the Due Process

8   Clause, to an accurate prison record.  Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th

9   Cir. 1987) (Because the Court found that Washington law provided a liberty interest in

10  accurate prison record information, the Court declined to reach the issue of whether the

11  Due Process Clause itself provided such a right). Liberty interests created by prison

12  regulations are limited to freedom from restraint which "imposes atypical and significant

13  hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S.

14  at 484.

15

16      Plaintiff's disappointment with the way her prison appeal was handled and the

17  response to it is not alone sufficient to state a constitutional claim. In Mann v. Adams, 855

18  F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of

19  entitlement to a grievance procedure. Mann, 855 F.2d at 640. This was reiterated in

20  Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that

21  inmates do not have a separate constitutional entitlement to a grievance procedure.

22  Ramirez, 334 F.3d at 860. Thus, the case law is clear that Plaintiff is not entitled, as a

23  matter of federal law, to a grievance procedure. Plaintiff has a First Amendment right to file

24

25

26      [6] It is unclear why Plaintiff, if successful on the second level (Haygood) appeal as she suggests,
    would have pursued appeal to the third level.

27

prison grievances but does not have a right to any particular response. Johnson v. Subia, 2010 WL 3767732, *2 n.3 (E.D. Cal. Sept.22, 2010). "An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007). Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals.

Accordingly, nothing before the Court suggests that Defendants acted arbitrarily or capriciously or that Plaintiff was denied her procedural rights relative to alleged computational error, the Haygood hearing and appeal therefrom. Plaintiff fails to allege facts claiming a due process violation. See e.g., Royal, 319 F.Supp.2d 534 at 539 (E.D.Pa. 2004) (no due process violation where claim of sentence miscalculation was meaningfully and expeditiously considered by prison officials).

Plaintiff having been advised in the previous screening order of the deficiencies in this claim and given an opportunity to correct them, has failed to do so. Nothing would be gained by granting yet another opportunity to correct the same deficiencies.

3.    Heck Bar

Generally a plaintiff may not utilize § 1983 to challenge the legality or duration of his or her custody, or raise a constitutional challenge which could entitle him or her to an earlier release; he or she must seek such relief through a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990). Further, relief under § 1983 for an allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489–90 (1994).

However, a plaintiff may utilize § 1983, and avoid the Heck bar if he or she can

-11-

allege facts that show success in the action would not necessarily spell immediate or speedier release. Wilkinson, 544 U.S. 74 at 81 ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.")

Here Plaintiff contends she seeks only a referral to the trial court for review of sentencing error pursuant to Haygood, relief she claims would not necessarily result in immediate or speedier release. But for the reasons stated above, Plaintiff's predicate claim of sentence calculation error is deficient and is not an available basis for Haygood review by the trial court. Plaintiff can not cite Haygood error review as relief in avoidance of Heck.

This being so, any claim challenging imposition of her life sentence necessarily affects the validity and duration of her incarceration, and fails for lack of facts satisfying or avoiding Heck. cf., Haygood, 769 F.2d at 1353 (wherein plaintiff's § 1983 action was brought after his successful state court habeas corpus action). Plaintiff may not presently challenge the validity and duration of her conviction and incarceration under § 1983.

Accordingly, Plaintiff's § 1983 claim is barred under the favorable-termination doctrine set out in Heck and its progeny. See also 28 U.S.C. § 2254; Wilkinson, 544 U.S. at 81-82.

Plaintiff having been advised in the previous screening order of the requirements under Heck and deficiencies in her claim, and given an opportunity to correct them, has failed to do so. The Court sees no point in granting yet another opportunity to correct the same deficiencies.

**C.   Injunctive Relief**

Plaintiff seeks injunctive relief that "due process be performed". (First Am. Compl.

-12-

at 5.)

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

For the reasons stated above, Plaintiff fails to state any cognizable federal claim, and does not demonstrate likelihood of success on the merit.

Furthermore, nothing in the First Amended Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Nothing before the Court suggests Plaintiff is presently being unlawfully detained. In the absence of harm the equities do not balance in Plaintiff's favor. Plaintiff has not alleged facts suggesting an injunction otherwise would be in the public interest.

Plaintiff's allegations do not support an entitlement to injunctive relief. Indeed, they

-13-

tend to rule it out.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any § 1983 claim upon which relief may be granted against Defendants. Leave to amend would be futile for the reasons set out above and will not be granted. Plaintiff's action should be dismissed with prejudice.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.      This action shall be dismissed with prejudice for failure to state a claim,

2.      Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

3.      The Clerk shall close the file in this case.


IT IS SO ORDERED.

Dated:     August 28, 2012          /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

-14-